**BONNER C. WALSH**
Oregon State Bar ID Number 131716
bonner@walshpllc.com
WALSH LLC
1561 Long Haul Road
Grangeville, ID 83530
Phone          541.359.2827
Facsimile      866.503 8206

**YOUNG WALGENKIM**
Oregon State Bar ID Number 124900
young@hansonwalgenkim.com
HANSON & WALGENKIM, LLC
838 Commercial St NE
Salem, OR 97301
Tel. (503) 383-1496
Fax (503) 766-6477

**Special Counsel for Plaintiff**
(Additional counsel appear on signature page)

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALICIA KNECHT, individually and on behalf of all others similarly situated**<br><br>Plaintiff,<br>v.<br><br>**LANPHERE ENTERPRISES INC., a domestic corporation**<br><br>Defendant. | CIVIL ACTION NO. 3:19-cv-01991<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>TRUTH IN LENDING ACT (15 U.S.C § 1601, *et seq.*); AND STATE CLAIMS.<br><br>DEMAND FOR JURY TRIAL |

Alicia Knecht (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Lanphere Enterprises Inc. (hereinafter "Lanphere" or "Defendant").

## INTRODUCTION

1.      Defendant Lanphere is a motor vehicle retailer which owns and operates five automobile dealerships in Oregon and routinely extends credit to automobile purchasers.

2.      When it extends credit to purchasers, Lanphere regularly and systematically violates the federal Truth in Lending Act (TILA) and Oregon's Unlawful Trade Practices Act (UTPA) by failing to disclose required information to consumers concerning third-party products that it sells to automobile purchasers who finance their purchases.

3.      Motor vehicle retailers are required by law to (a) itemize any third-party products purchased in conjunction with the sale of a vehicle and (b) disclose retention of profits in the sale of these third-party products.

4.      Lanphere does not do either. By failing to make these required disclosures, Defendant deprives consumers of informed consent in their purchases of these third-party products.

5.      The federal Truth in Lending Act (15 USC § 1601 *et seq.*) protects consumers by requiring creditors to make certain disclosures in conjunction with the issuance of credit, including in such situations as when Defendant retains a portion of the proceeds of the sales of third-party products in conjunction with the sale and financing of a motor vehicle.

6.      Oregon lawmakers have deemed it necessary to protect consumers from unscrupulous practices in car sales.  *See,* Oregon Administrative Rules concerning Misleading Price Representations promulgated pursuant to ORS 646.608(1)(u) (OAR 137-020-0020 *et seq.*,

the "OARs").  "The purpose of [the OARs] is to declare as unfair or deceptive in trade or commerce certain motor vehicle pricing and sales practices."  OAR 137-020-0020(1).  Further, "Consumers are entitled to be treated in a fair and non-deceptive manner during negotiations to buy or lease a motor vehicle, including the right to receive timely, accurate and non-misleading information about the cost of the vehicle and all related goods, accessories, services, products or insurance they are buying or leasing."[1]

7.      Defendant has wholly failed to comply with these administrative rules and has denied Plaintiff and the putative class members the very protections the Oregon Attorney General mandated in enacting those regulations.

## PARTIES

8.      Plaintiff Alicia Knecht resides in Clackamas County, Oregon.  On September 14, 2019, Plaintiff purchased a new 2019 Kia Sorento from Lanphere's Beaverton Kia dealership.  In connection with the sale of the Sorento, Defendant Lanphere sold Ms. Knecht eight third-party products without making the disclosures required by TILA and UPTA.

9.      Defendant Lanphere is a domestic corporation which maintains a principal place of business at 12505 SW Broadway St., Beaverton, OR 97005 and whose registered agent is Robb Walther, 12505 SW Broadway St., Beaverton, OR 97005.

10.     Lanphere has physical locations including but not limited to:

(1) Beaverton Kia, 12520 SW Canyon Rd, Beaverton, OR 97005;

(2) Beaverton Infiniti, 9500 SW Canyon Rd, Portland, OR 97225;

(3) Beaverton Honda, 12505 SW Broadway, Beaverton, OR 97005;

(4) Beaverton Motorcycles, 10380 SW Cascade Blvd, Beaverton, OR 97005; and

---

[1] See OAR 137-020-0020(3)(m) OFFICIAL COMMENTARY.

(5) Newberg Chrysler Jeep Dodge, 2809 Portland Rd, Newberg, OR 97132.

11.     Upon information and belief, Lanphere operates as one single business enterprise and these entities are in fact the alter egos of each other.  These entities share the same officers and are controlled and operated by Lanphere.

12.     Whenever in this petition it is alleged that Lanphere did any act or thing, it is meant that Lanphere's alter egos, members, agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of Lanphere or was done in the normal and routine course and scope of employment of Defendant's members, officers, agents, servants, borrowed servants, employees or representatives.

## JURISDICTION

13.     This Court has federal question jurisdiction over this case under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

14.     Additionally, this Court has supplemental jurisdiction over the Oregon claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through its sales; (iii) upon information and belief, Defendant has committed illegal acts in the District by and through its sales and/or finance practices with residents of this District, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

16.     On or about September 14, 2019, Plaintiff purchased a new 2019 Kia Sorento from Defendant's Beaverton Kia dealership for an agreed-upon purchase price of $32,745.

17.     Contemporaneously with the sale, Defendant arranged the financing of Plaintiff's vehicle and also sold her eight products that Defendant obtained from third parties.  These products included a vehicle service contract[2], GAP waiver, "pro pack", maintenance plan, key replacement plan, sealants, fog lights, and a cargo tray.

18.     Defendant quoted Ms. Knecht a monthly payment for the total price of the vehicle including the third-party products, but failed to clearly and conspicuously and separately deliver in writing prior to executing the purchase agreement, lease agreement or the Retail Installment Contract ("RIC") (1) the individual price of each third-party product, and (2) total cost of the vehicle and the monthly payment without the products added, as required by OAR 137-020-0020(3)(m).

19.     Furthermore, Defendant failed to itemize five of the third-party products ("pro pack", key replacement plan, sealants, fog lights, and cargo tray) in the RIC. Instead, Defendant added the price of the five products ($2,670) to the price of the vehicle ($32,745) and listed the sum of $35,415 as the "cash sale price" of the vehicle on the RIC.

20.     Upon information and belief and unbeknownst to Plaintiff at the point of sale, Defendant kept a portion of the sales price for each of the eight third-party products.  For three of the third-party products, Defendant properly disclosed that it "may be retaining a portion of the amount" as required by TILA. *See* 15 U.S.C. § 1638(a)(2)(B)(iii); 12 C.F.R. §226.18(c)(1)(iii), Official Commentary.  However, Defendant failed to disclose that it may be retaining a portion

[2] The term "service contract," as used in this Complaint, also refers to and is used interchangeably with "service warranty," or "extended warranty."

of the amount for the other five third party products (the "pro pack", key replacement plan, sealants, fog lights, and cargo tray).

## DAMAGES COMMON TO CLASS MEMBERS

21.    There are two types of Class members' damages based on the sale of the third-party products: (1) those for price packing, and (2) those for failing to itemize and disclose retention of profits.

22.    For the price packing claims, Defendant sold goods, accessories, services, products, or insurance ("third party products") in connection with a vehicle sale, but failed to disclose clearly and conspicuously in writing prior to executing the purchase agreement, lease agreement, or RIC (1) the individual cost of each additional product and (2) the total cost of the vehicle and the monthly payment without the additional products.

23.    Due to Defendant's failure to make proper disclosures, Plaintiff was not able to make informed decisions on whether to purchase the third-party products. Because of Defendant's failure to make the lawfully required disclosures, Plaintiff and class members were damaged by the inflated price of the third-party products.

24.    Separately, for five of the eight third-party products, Defendant failed to itemize each product on the RIC and failed to disclose to Plaintiff that it retained a portion of the sales price, as required by law.

25.    As a result of Defendants' violations, class members are entitled to the amount paid for the third-party products, the amount Defendant retained for sale of third party products, statutory damages, punitive damages, and/or equitable remedies.

## CLASS ACTION ALLEGATIONS

26.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this suit individually and as a representative of a class of similarly situated persons.  The court should enter an order certifying a plaintiff class as follows:

All individuals who made a payment to any of Defendant's dealerships (or to any financial institution assigned the right to collect from any of Defendant's dealerships), pursuant to a Retail Installment Contract in which any of Defendant's dealerships sold a third-party product without (1) disclosing the price of each individual third party product; (2) disclosing the total cost and monthly payment for the vehicle without the third party products; (3) itemizing the third party products; or (4) disclosing that the dealership was retaining a portion of the amount for any of the third-party products sold.

27.    A separate and distinct TILA subclass should be certified consisting of:

All individuals who entered into a Retail Installment Contract with any of Defendant's dealerships that was below the applicable annual dollar threshold under the Truth in Lending Act, while such Contract was in violation of TILA due to the failure to make proper disclosures concerning itemization of payments to third parties, and retaining profits on sales of third party products.

28.    Specifically excluded from the class are all Federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendants, and all employees of any Defendant.

29.    The proposed Plaintiff class meets the prerequisites of a class.

30.    The class is so numerous that joinder of all members is impracticable.  Plaintiff is unable to state the exact number of the members of the class without the discovery of

information available to Defendant, but upon information and belief, aver that there are hundreds

of class members. The number of the members of the class makes it impracticable to bring them

all before the court.  There are questions of law and fact common to the class.  These questions

predominate over any questions affecting only individual members of the class.  The questions of

fact and law affecting the class as a whole, include, but are not limited to:

- whether Defendant represented that the loan agreements involved rights or obligations which they did not have or involve or which were prohibited by law;
- whether Defendant engaged in any unconscionable action or course of action;
- whether Defendant should be permanently enjoined under the Oregon Unlawful Trade Practices Act from engaging in the same or similar conduct;
- whether Defendant misrepresented or concealed the true price of the third-party products and its effect on the consumer's financing;
- whether Defendant failed to adequately itemize the cost of the third-party products;
- whether Defendant misrepresented or concealed retaining profits for the products;
- whether the failure to make proper disclosures is a false, misleading or deceptive act or practice;
- whether the members of the plaintiff classes are entitled to restitution, restoration of property and/or rescission;
- whether Defendant's conduct was committed knowingly;
- whether Defendant's conduct was committed intentionally;
- the amount of the liability of the Defendant;
- whether the members of the Plaintiff classes were damaged by the misrepresentation and/or concealment of the true cost of financing;
- whether Defendant used uniform loan documents to mislead, deceive or defraud the members of the plaintiff classes;
- whether the members of the Plaintiff classes are entitled to prejudgment and/or post-judgment interest;

- whether Defendant's violations of the UTPA entitle the class to recover from Defendant attorney's fees;

- whether Defendant's violations of TILA entitle the class to recover from Defendant attorney's fees;

- whether Defendant's violations of the UTPA entitle the class to recover punitive damages;

- whether Defendant's violation of the UTPA entitle the class to injunctive relief;

- whether Defendant's acts were inherently undiscoverable by Plaintiff and class members; and

- whether class members are entitled to punitive or exemplary damages against Defendant.

31.    Plaintiff's claims are typical of the claims of the class.  The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories.  It is the same course of conduct that serves as the gravamen of the claims against Defendant.  The members of the class have suffered the same type of injury and possess the same interests as Plaintiffs.  The single resolution of these claims would be preferable to a multiplicity of similar actions.

32.    Plaintiff, as the representative party, will fairly and adequately protect the interests of the class.  The counsel representing Plaintiff and the class are qualified, experienced and able.

33.    This suit is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

34.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35.     *Predominance.*  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  The facts that are disputed will be resolved without the participation of individual class members.  Plaintiff's claims do not present individual questions of causation or reliance.  The facts of Defendant's practices are common to all members.

36.     *Superiority.*  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Given the large size of the class, individual adjudication of the claims would require hundreds of lawsuits.   Moreover, intervention and joinder would require the intervention or joinder of hundreds of parties.  Individual adjudication, intervention, and joinder, therefore, are not reasonable options.  Class treatment is superior to all other methods of adjudicating the claims of the putative class.

37.     *Individual control.*   The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment.  Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars.  Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim.  In fact, individual adjudication of these claims remains wholly impractical.  The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claims than the amount of each individual claim.  The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

38.     *Other factors.*  On information and belief, there are few if any other cases pending by or against members of the class raising the claims asserted herein.  This Court is the desirable

forum for this controversy because the Defendant transacts business in this District.    No significant difficulties are likely to be encountered in the management of a class action.    Plaintiff will be able to identify class members through discovery of Defendant's extensive computer databases storing information regarding past and present consumer clients.    Thus, no difficulties exist regarding the identification of class members.

**FIRST CAUSE OF ACTION FOR VIOLATION OF
TRUTH IN LENDING ACT - 15 USC § 1601 *et seq.***

39.    Defendant is a "creditor" as defined by 12 CFR § 226.2(a)(17).

40.    Defendant extended credit to Plaintiff in a written agreement that was subject to a finance charge and involved more than four installment payments.

41.    Plaintiff's use of the credit was for a personal, family, or household purpose.

42.    Defendant regularly extends "consumer credit" as defined in 12 CFR § 226.2(a)(17)(v).

43.    Defendant failed to comply with the disclosure requirements under the Truth in Lending Act (TILA).  15 U.S.C. §1638.

44.    Specifically, as set forth above, for transactions where Defendant arranged financing for consumers and sold service contracts, maintenance plans, and other third-party add-ons or products, Defendant failed to properly disclose to consumers that a portion of the amount paid was retained by Defendant.  Defendant also did not itemize every third-party product that it sold to the consumer in the RIC. This constitutes a violation of TILA.   15 U.S.C. §1638(1)(2)(B)(iii); see also 12 CFR §226.18(c)(iii).

45.    Plaintiff has just discovered Defendants' violation of TILA.   Defendant's concealment, failure to disclose, and failure to itemize continue.

46.    As a result of Defendant's violations of the TILA, Plaintiff was damaged. Plaintiff and all putative class members are entitled to recover damages pursuant to 15 U.S.C. § 1640, to include both actual damages and statutory damages.  Defendant is liable to Plaintiff for the actual damages equal to the amount of the markup retained by Defendant.  Defendant is also liable for statutory damages of the lesser of 1% of its net worth or $1,000,000.00.

47.    Plaintiff is entitled to their reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §1667d and 15 U.S.C. § 1640(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATION OF
## OREGON UNLAWFUL TRADE PRACTICES ACT – ORS §646.605 *et seq.*

48.    Plaintiffs re-allege and incorporate herein all of the above paragraphs.

49.    Without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendants are liable to the Plaintiff for violating portions of the Oregon Unlawful Trade Practices Act (UTPA) (Or. Rev. Stat. §646.605 *et seq.*).

50.    Defendant is a "person" and a "dealer" within the meaning of the Oregon Unlawful Trade Practices Act and OAR 137-020-0020(2)(k).

51.    Plaintiff purchased the vehicle for personal use.

52.    Defendant's failures to disclose to Plaintiff required information regarding the true cost of the third-party products constitute false and misleading representations of fact concerning the cost of goods and services, and area willful violations of the Unlawful Trade Practices Act, as set forth in ORS §646.608 *et seq*.  More specifically Defendant violated the UTPA in three ways:

A.  Defendant engaged in unfair or deceptive conduct in trade or commerce, in violation of ORS §646.608(1)(u); specifically, Defendant's dealerships sold or leased motor vehicles to consumers, and quoted a monthly payment or total price for the sale or lease of a motor vehicle that included the cost of third-party products.  Defendant, however, failed to separately deliver in writing a clear and conspicuous disclosure of, (1) the price of each individual third-party product and (2) total cost and monthly payment for the vehicle without the third-party products, prior to executing the purchase order, lease agreement, or RIC. OAR 137-020-0020(3)(m).

B.  Defendant's dealerships sold or leased motor vehicles to consumers with the cost of additional goods, accessories, services, products, or insurance (third-party products) added to the sale or lease without the consumer's actual knowledge, written consent, and individual itemization of all additional costs on the purchase order, lease agreement and RIC. OAR 137-020-0020(3)(j).

C.  Defendants' violations of TILA as alleged above constitute separate violations of UTPA pursuant to OAR 137-020-0040(2).

**Damages**

53.    As a result of Defendant's above listed violations of the UTPA, Plaintiff suffered losses that are objectively verifiable, calculable and ascertainable under the UTPA, including, but not limited to the amount the Defendant retained in sales of third-party products, and the purchase price of third-party products for which Defendant failed to make required disclosures.

54.    Defendant's violations of the above listed provisions of the UTPA were reckless or knowing, and therefore, Plaintiff is also entitled to statutory damages of $200. ORS § 646.638(8).

55.     Plaintiff also seeks punitive damages, and reasonable costs and attorney's fees at trial or on appeal.  ORS §§646.638(1), (3).

56.     The UTPA specifically allows for equitable remedies, which would include injunctive relief, rescission, and/or disgorgement of profits.  ORS §646.638(1); ORS §646.636. Plaintiffs ask the court to set their application for injunctive relief for a full trial on the issue in this application and, after the trial, to issue a permanent injunction against Defendant selling third party products without making required disclosures under the UTPA and TILA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, prays for judgment as follows:

a)     An order certifying the Class and Subclass under F.R.C.P. 23 and appointing Plaintiff and her Counsel as Class Representative and Class Counsel;

b)     An order entering preliminary and permanent injunctive relief directing Defendant to correct its unlawful practices;

c)     An award of actual damages, statutory damages, equitable damages including injunctive relief, rescission, and or disgorgement of profits, and/or punitive damages;

d)     pre-judgment and post-judgment interest at the highest legal rate;

e)     attorneys' fees;

f)     costs and expenses incurred in this action; and

g)     all other relief, general and special, legal and equitable, to which Plaintiff and the Class are entitled.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

**Dated: December 9, 2019**

Respectfully submitted,

/s/ Young Walgenkim
**Young Walgenkim, Oregon Bar No. 124900**
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
young@hansonwalgenkim.com
Tel. (503) 383-1496
Fax (503) 766-6477

**Bonner Walsh, Oregon Bar No. 131716**
Walsh LLC
1561 Long Haul Road
Grangeville, ID 83530
bonner@walshpllc.com
Phone            541.359.2827
Facsimile        866.503 8206

**THE SULTZER LAW GROUP**
Adam Gonnelli (*pro hac vice* forthcoming)
280 Rt. 35
Suite 304
Red Bank, NJ 07701
Tel:  (845) 483-7100
Fax:  (888) 749-7747
Email:  gonnellia@thesultzerlawgroup.com

**Special Counsel for Plaintiffs**